United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40910
Summary Calendar

IN RE: JUAN PEQUENO, DEBTOR

JUAN PEQUENO,

Appellant,

versus

MICHAEL B. SCHMIDT,

Appellee.

--------------------
Appeal From the United States District Court
for the Southern District of Texas
No. B-05-CV-070
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

At issue in this appeal is the Bankruptcy Court's denial of appellant Pequeno's August 3, 2004 motion to deny admittance of appellee Schmidt's exhibits dated July 7, 2004; the court denied the motion. Pequeno appealed to the United States District Court for the Southern District of Texas, and that court affirmed the Bankruptcy Court's denial of Pequeno's motion. We affirm.

In an appeal based on an evidentiary ruling of the Bankruptcy Court, an appellant must prove both: (1) that the Bankruptcy Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion; and (2) that the appellant's substantial rights were prejudiced. <u>Roberts v. Poole</u>, 80 B.R. 81, 87 (N.D. Tex. 1987).

The exhibits at issue were first offered by Schmidt at a July 7, 2004 hearing, the purpose of which was to convert Pequeno's bankruptcy to a Chapter 13, pursuant to an order of the district court. Schmidt offered the exhibits in support of his Motion to Reconvert Pequeno's bankruptcy from a Chapter 13 to Chapter 7. At this hearing, Pequeno initially objected to all of these exhibits but upon further questioning by the court, objected only to Exhibit C. The court admitted Exhibit A, stated that there was no Exhibit B, and did not rule upon Exhibit C. As the court explained, because the stated purpose of the July 7, 2004 hearing was to convert the case to Chapter 13 pursuant to an order of the district court, it did not want to convert Pequeno's bankruptcy to a Chapter 13 and entertain Schmidt' motion to convert it back into a Chapter 7 on the same day.

However, on August 4, 2004, the bankruptcy court held a hearing on Schmidt's Motion to Reconvert, and the judge admitted the exhibits. Nonetheless, on September 13, 2004, the Bankruptcy Court denied Schmidt's Motion to Reconvert, allowing Pequeno to remain under Chapter 13 and giving him until October 7, 2004 to file a Chapter 13 Plan. Thereafter, the Bankruptcy Court denied Pequeno's Motion to Deny Admittance of the exhibits on October 8, 2004. Regardless of whether the Bankruptcy Court took Schmidt's

exhibits into account when issuing its September 13, 2004 ruling (and the record does not indicate one way or the other), it ruled in Pequeno's favor and allowed him to proceed under Chapter 13. Therefore, any consideration by the Bankruptcy Court of the exhibits would be harmless.

Schmidt filed a Second Motion to Reconvert on October 22, 2004 based on Pequeno's failure to file a feasible Chapter 13 Plan. The Bankruptcy Court granted this motion on December 27, 2004; however, whether it considered the disputed exhibits or not is irrelevant, as its stated reason for reconverting Pequeno's bankruptcy to Chapter 7 was that Pequeno failed to file a plan or make payments.

Therefore, we AFFIRM.