United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-41309

(Summary Calendar)
_____

In The Matter Of: JUAN PEQUENO

                                        Debtor

_____

JUAN PEQUENO,

                                        Appellant,

versus

MICHAEL B SCHMIDT; CINDY BOUDLOCHE;
UNITED STATES TRUSTEE BARBARA JUE,

                                        Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(1:05-CV-169)

_____

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Pequeno, proceeding *pro se*, appeals the district court's dismissal of his appeal from the bankruptcy court. We reverse in part and remand.

On May 23, 2005, Pequeno appealed to the district court an order of the bankruptcy court reconverting his bankruptcy case from a Chapter 13 proceeding back to Chapter 7 proceeding. On May 27, 2005, the district court dismissed his appeal without prejudice for failing to pay the required filing fee. Pequeno responded by filing a notice of appeal to this Court on May 31, 2005.[1] One week later, Pequeno timely filed a Federal Rule of Civil Procedure 59(e) motion to reconsider and reinstate his case in the district court,[2] arguing either that the filing fee should be paid from his estate or that he should be allowed to pay the required fee and reinstate his case. On July 15, 2005, the district court denied Pequeno's Rule 59 motion, holding that it lacked jurisdiction to reinstate his case once Pequeno docketed an appeal in this Court and that Pequeno did not qualify as a "debtor in possession," as required for fees to be paid from his estate. Pequeno timely filed a notice of appeal challenging this ruling.[3]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Pequeno later withdrew this notice of appeal, and his appeal was dismissed pursuant to FED. R. APP. P. 42(b).

[2] Excluding weekends and holidays, Pequeno had until June 13, 2005 to file a Rule 59 motion. *See* FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); FED. R. CIV. P. 6(a) (explaining that when computing a ten-day period under the rules, the court may not include Saturdays, Sundays, federal holidays, or Texas state holidays). Therefore, Pequeno's Rule 59 motion, filed on June 6, 2005, was timely.

[3] *See* FED. R. APP. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a

Pequeno first argues that the district court erred in ruling that his May 31, 2005 notice of appeal deprived the district court of jurisdiction to reinstate his bankruptcy appeal. We agree. Pequeno's timely filed Rule 59 motion suspended the effect of his previously filed notice of appeal. *See* FED. R. APP. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment) ) but before it disposes of [a motion to alter or amend the judgment]) ) the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) ("Our court has found that the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. This holds true regardless of whether the motion was filed before or after the notice of appeal.") (footnotes omitted). The district court was therefore incorrect in ruling that it lacked jurisdiction to reinstate Pequeno's bankruptcy appeal.

Pequeno next argues that the district court erred in holding that he was not a debtor in possession and, hence, that his bankruptcy appeal filing fees could not be paid from his estate. The Judicial Conference of the United States sets filing fees for bankruptcy cases. *See* 28 U.S.C. § 1930(b). "If a trustee or debtor in possession is the appellant, the fee should be payable only from the estate and to the extent there is any estate realized." Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule, ¶ 15, *reprinted in* 28 U.S.C. § 1930 [hereinafter "Paragraph 15"]. Pequeno claims that his filing fee should be paid from his estate and not from his own pocket because he is a "debtor in possession" within the meaning of Paragraph 15. We disagree.

notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

The term "debtor in possession" is not, as Pequeno suggests, a literal phrase describing a debtor who is in actual possession of his estate. Rather, it is a defined term in chapter 11 of the Bankruptcy Code, *see* 11 U.S.C. § 1101(1), and normally refers only to certain Chapter 11 debtors.[4] Although the case law appears to recognize the concept of a Chapter 13 debtor in possession in some contexts, we need not decide whether a Chapter 13 debtor qualifies as a "debtor in possession" for purposes of Paragraph 15 because at the time of his bankruptcy appeal, Pequeno's case had been converted to a Chapter 7 proceeding by the bankruptcy court, meaning that he was a Chapter 7 debtor. Because a Chapter 7 debtor never qualifies as a debtor in possession,[5] Pequeno was not a debtor in possession entitled to have the appellate filing fee paid from his estate. Accordingly, the district court did not err in concluding that Pequeno was required to pay the fee himself.

Pequeno stated in his Rule 59 motion that he was ready and able to pay the filing fee personally if he did not qualify for a fee waiver, and he argues on appeal that he should be allowed to pay the prescribed fee and reinstate his bankruptcy appeal. We agree. Accordingly, we REVERSE the district court's jurisdictional ruling and REMAND this case to the district court with instructions to afford Pequeno an opportunity to pay the filing fee himself and, if paid, reinstate his bankruptcy appeal.

---

[4] *See* 11 U.S.C. §§ 103(g), 1107(a); *see also In re Miller*, 251 B.R. 770, 773 (Bankr. E.D. Mass. 2000) ("[T]he term 'debtor-in-possession' is a defined term for Chapter 11."); *In re Bruce*, 96 B.R. 717, 720 (Bankr. W.D. Tex. 1989) (discussing the differences between a Chapter 13 debtor and a Chapter 11 debtor in possession).

[5] *See, e.g.*, *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 473 (7th Cir. 1999) ("Chapter 7, . . . in contrast to Chapters 11 and 13, does not recognize the legal entity debtor-in-possession."); *id.* at 476.