United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41631
Summary Calendar

_____

IN RE: JUAN PEQUEÑO,
   Debtor.

_____

JUAN PEQUEÑO,

     Appellant,

v.

MICHAEL B. SCHMIDT,

     Appellee.

_____

IN RE: JUAN PEQUEÑO,
   Debtor.

_____

JUAN PEQUEÑO,

     Appellant,

v.

CITY OF BROWNSVILLE, ET AL.; LAW OFFICE OF FRANK COSTILLA; LAW
OFFICE OF MICHAEL SCHMIDT,

     Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 1-05-CV-00270
_____

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Pequeño appeals a district court order denying reconsideration of orders dismissing ten bankruptcy appeals for failure to file briefs as required by FED. R. BANKR. P. 8009.[1] Because the district court did not abuse its discretion in denying reconsideration, we affirm.

During the course of Pequeño's Chapter 7 bankruptcy case,[2] the bankruptcy court entered several orders that Pequeño, proceeding *pro se*, individually appealed to the district court. Pequeño, however, failed to file briefs in those appeals as required by the bankruptcy rules, and the district court *sua sponte* dismissed each of Pequeño's appeals for want of prosecution. At the time the appeals were dismissed, the briefs were overdue by two to nine months, and the notices of appeal were insufficient to satisfy the briefing requirement.

Pequeño filed separate motions for reconsideration of the dismissal orders pursuant

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]FED. R. BANKR. P. 8009(a) (requiring a bankruptcy appellant to file a brief within 15 days of the docketing of an appeal unless a different time limit is established by order or by local rule).

[2]11 U.S.C. §§ 701-784.

2

to FED. R. CIV. P. 59(e),[3] asserting generally that he failed to file briefs because he was unaware that there was an active briefing deadline. Pequeño averred that he assumed the briefing deadline was abated because (1) there were pending motions to dismiss some of the cases at the time briefs were due, (2) status hearings had previously been held in some prior appeals before briefs were due, (3) a then-pending Fifth Circuit appeal might have mooted issues in some of the cases, and (4) this Court allegedly granted a motion to dismiss in a related civil case before appellate briefs were filed.[4] The district court consolidated the appeals and denied the motions for reconsideration in a single order. At the time the district court denied the motions, which was thirty days after the appeals were initially dismissed, Pequeño still had not filed any of the outstanding appellate briefs. Pequeño finally filed a consolidated brief ten days after the motions for reconsideration were denied.

Pequeño now appeals the order denying his Rule 59(e) motion. The denial of a Rule 59(e) motion for reconsideration is reviewed for abuse of discretion.[5] "'Under this standard [of review], the district court's decision and decision-making process need only be reasonable.'"[6] The granting of a Rule 59(e) motion "is an extraordinary remedy and should

---

[3]FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

[4]*Schmidt v. City of Brownsville*, No. 05-41624 (5th Cir. August 31, 2006).

[5]*See Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004); *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994).

[6]*Ford Motor*, 34 F.3d at 324.

3

be used sparingly."[7]  This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"[8]

Federal Bankruptcy Rule 8009 requires bankruptcy appellants to file a brief within 15 days of docketing,[9] and the district court may dismiss an appeal for failure to comply with this rule.[10]  Pro se litigants are charged with knowing and following the law and the rules of procedure,[11] and in this case, the district court determined that Pequeño had demonstrated knowledge of the brief-filing requirement based on his conduct in sixteen prior bankruptcy appeals in the two years preceding dismissal of the subject appeals.  In fact, Pequeño had filed motions for extensions of time to file briefs in four other cases and subsequently timely filed briefs in those cases.

On appeal, Pequeño does not contend that he was unaware of the brief-filing deadline. Rather, he claims that he reasonably believed that he was not required to file briefs based on the procedural posture of the appeals at the time of dismissal.  He asserts that his prior

---

[7]*Templet*, 367 F.3d at 479.

[8]*Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[9]FED. R. BANKR. P. 8009(a).

[10]*Id.* 8001(a) (authorizing dismissal of a bankruptcy appeal for failure to comply with the bankruptcy rules); *see In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985) (observing that a bankruptcy appeal may be dismissed for failure to file an initial brief); *Pyramid Mobile Homes, Inc. v. Speake,* 531 F.2d 743, 745-46 (5th Cir. 1976) (same).

[11]*See Teemac v. Henderson*, 298 F.3d 452, 457 & n.11 (5th Cir. 2002).

bankruptcy cases did not prepare him to handle these particular appeals, which he perceived to be more complex, and argues that he should be excused from failing to comply with the briefing deadlines because he did not understand how the procedural rules applied to these particular appeals.

However, Pequeño does not assert that the district court actually abated the filing deadline or stated an intent to do so. Nor does he argue that he requested or was granted a stay or abatement order from this Court while his related appeal was pending. He also has not argued or submitted evidence that he requested a status conference. Pequeño's alleged misperception about his filing requirements was both unwarranted and unsubstantiated. Furthermore, even after dismissal, Pequeño failed to achieve compliance with the rules either before seeking reconsideration of the dismissal orders or at any time during the considerable period of time between dismissal and denial of his motion to reconsider. Under these circumstances, the district court did not abuse its discretion in denying Pequeño's Rule 59(e) motions.

Pequeño also argues for the first time on appeal that the original dismissal orders were issued without notice and an opportunity to cure. Other than citing FED. R. CIV. P. 41, which is silent regarding notice prior to a *sua sponte* involuntary dismissal,[12] Pequeño provides no authority to support his argument that he was entitled to pre-dismissal notice.[13] Pequeño's

_____

[12]FED. R. CIV. P. 41 (governing both voluntary and involuntary dismissal of actions).

[13]*But cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (holding the absence of notice or of an adversary hearing does not necessarily render a dismissal for failure to prosecute void); *Powell v. United States*, 849 F.2d 1576, 1580 (5th Cir. 1988) (the harmless error rule applies when

5

notice argument is therefore waived.[14]


AFFIRMED.

---

the district court fails to give ten-days notice before granting summary judgment and failure to give notice is harmless when the non-moving party either admits that it had no additional evidence to present or had an opportunity to present additional evidence and that evidence does not raise a genuine issue of material fact).

[14]*See* FED. R. APP. P. 28(a)(9) (requiring appellant's brief to include "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *L&A Contracting Co. v. S. Concrete Servs. Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding an argument waived for failure to cite authority); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383 (5th Cir. 2007) (arguments not raised before the district court are waived and cannot be raised for the first time on appeal). *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("When circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."); *Powell v. United States*, 849 F.2d 1576, 1580 (5th Cir. 1988) (the harmless error rule applies when the district court fails to give ten-days notice before granting summary judgment and failure to give notice is harmless when the non-moving party either admits that it had no additional evidence to present or had an opportunity to present additional evidence and that evidence does not raise a genuine issue of material fact).