United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 07-40113
Summary Calendar

In the matter of: JUAN PEQUEÑO,

Debtor.

JUAN PEQUEÑO,

Appellant,

versus

MICHAEL B. SCHMIDT,

Appellee.

**Appeal from the United States District Court
for the Southern District of Texas
(1:05-CV-271)**

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juan Pequeño challenges, *pro se*, the district court's upholding a Chapter 7 bankruptcy settlement entered by his Trustee, Michael Schmidt. On the same day Schmidt filed his appellee brief, he moved separately to dismiss due to mootness.

"Many courts, including our own ... have employed the concept of 'mootness' to address equitable concerns unique to bankruptcy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

proceedings". ***Matter of Manges,*** 29 F.3d 1034, 1038 (5th Cir. 1994). In that regard, mootness "is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in [bankruptcy] actions". ***Id.*** at 1038-39. This "test for mootness reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy order adversely affecting him". ***Id.*** at 1039 (quoting ***First Union Real Estate Equity and Mort. Inv. v. Club Assoc.***, 956 F.2d 1065, 1069 (11th Cir. 1992)).

Pequeño contests the district court's December 2006 affirmance of the bankruptcy court's September 2002 approval of a settlement between Schmidt, Pequeño's Chapter 7 Trustee, and the City of Brownsville, successfully sued by Pequeño pursuant to 42 U.S.C. § 1983. Pequeño contends Schmidt should not have been his Chapter 7 Trustee, because Pequeño moved to convert his Chapter 7 proceeding to Chapter 13. His motion to convert, however, was denied. More importantly for determining mootness, Pequeño never moved to stay the settlement entered by Schmidt and the City of Brownsville. Nor did he ever request a bond or otherwise act to prevent consummation of the settlement.

That has occurred. The funds from Pequeño's judgment against Brownsville have been paid to the Trustee, who disbursed them, together with other bankruptcy-estate funds, to creditors.

Schmidt has acted irreversibly, relying on the settlement. To allow Pequeño, who never sought a stay, to attack the settlement's basis would be inequitable. *In re Morningside Mobile Home RV Park*, 32 Fed. App'x 130, at *2 (5th Cir. 2002). Therefore, the motion to dismiss is

*GRANTED.*