IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-41074

In Re: JUAN PEQUEÑO

                                                            Debtor

-------------------------------------------------------------------------

JUAN PEQUEÑO

                                                            Appellant

v.

MICHAEL B. SCHMIDT,

                                                            Appellee

Appeal from the United States District Court
for the Southern District of Texas
1:05-CV-71

Before WIENER, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Appellant Juan Pequeño ("Pequeño") appeals, pro se, the district court's denial of his appeal from a Bankruptcy Court Order Denying Debtor's Motion to Deny Administrative and/or Recovery Fees. Appellee Michael Schmidt ("Schmidt") is Pequeño's Chapter 7 Trustee.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have previously addressed this case in several opinions, which collectively lay out the facts and posture below.[1]  We resolved the issue at hand in In re Pequeño, 240 F. App'x 634 (5th Cir. 2007), in which we affirmed the district court's dismissal of several of Pequeño's claims, including his appeal of the bankruptcy court's Compensation Orders approving Trustee counsels' compensation.  The district court dismissed those appeals for want of prosecution, as Pequeño had failed to file timely briefs.  See id. at 635.  Pequeño's claim is barred by res judicata.  A dismissal for failure to prosecute bars any further adjudication, because it operates as an adjudication on the merits.  Nielsen v. United States, 976 F.2d 951, 957 (5th Cir. 1992).  We therefore AFFIRM the judgment of the district court.  We also note that Pequeño has appeared before this court six times in this matter; at least four of the appeals))including this one))have been frivolous.  Pequeño is warned that future frivolous filings will subject him to sanctions.

---

[1]See In re Pequeño, 246 F. App'x 274 (5th Cir. 2007); In re Pequeño, 240 F. App'x 634 (5th Cir. 2007); In re Pequeño, 221 F. App'x 353 (5th Cir. 2007); In re Pequeño, 223 F. App'x 307 (5th Cir. 2007); In re Pequeño, 126 F. App'x 158 (5th Cir. 2005).