# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60533
Summary Calendar

In the Matter of: JAMES D MCDONALD; PAULA T MCDONALD,

Debtors

-------------------------------------------------

QUITMAN WAYNE AINSWORTH,

Appellant

v.

JAMES D MCDONALD, doing business as Jimmy McDonald Farms, also known as Jimmy McDonald; PAULA T MCDONALD,

Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-307

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quitman Wayne Ainsworth appeals the dismissal of his bankruptcy appeal for failure to file an appellate brief as required by Federal Rule of Bankruptcy Procedure 8009(a)(1). Because the district court did not abuse its discretion in denying reconsideration, we affirm.

Ainsworth filed a complaint to determine dischargeability of debt in the bankruptcy court on February 14, 2007. The bankruptcy judge dismissed the complaint, and Ainsworth filed a notice of appeal in the district court on May 31, 2007. Thereafter Ainsworth took no action in the case, and on March 3, 2008, the district court *sua sponte* dismissed the appeal on the ground that Ainsworth had failed to timely file an appellate brief as required by Rule 8009(a)(1). Ainsworth filed a motion for reconsideration, which the district court denied.

We review the rulings of a district court acting in its appellate capacity for abuse of discretion. *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). Under abuse-of-discretion review, "the district court's decision and decision-making process need only be reasonable." *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994).

Rule 8009(a)(1) requires that a bankruptcy appellant file a brief within fifteen days of entry of the appeal. Rule 8001(a) gives a district court the authority to dismiss a bankruptcy appeal for failure to comply with procedural rules. We have previously recognized a district court's authority to dismiss a bankruptcy appeal for failure to comply with Rule 8009(a)(1). *See In re Pegueño*, 240 F. App'x 634, 636 (5th Cir. 2007) (unpublished) (affirming dismissal for failure to file initial brief); *In re Shah*, 204 F. App'x 357, 359 (5th Cir. 2006) (unpublished) (affirming denial of motion for reconsideration of dismissal for failure to file initial brief); *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985) (observing that dismissal for failure to file initial brief may be proper); *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 745-46 (5th Cir. 1976) (same).

In this case, nine months passed before the district court, having received neither a brief nor a request for an extension of time to file one, dismissed the appeal. Ainsworth's only explanation for his failure to file a brief appears to be that his counsel failed to familiarize himself with the Federal Rules of Bankruptcy Procedure, which is not the most sympathetic reason, given that he allowed some nine months to pass without taking any action in the appeal. Ainsworth argues that because his counsel's mistake was not intentionally dilatory or otherwise in bad faith, the district court abused its discretion is dismissing the appeal. Under Rule 8001(a), however, a district court has the authority to dismiss for a simple failure to comply with procedural rules; dismissal does not require that the court find the bankruptcy appellant's failure to comply with procedural rules was in bad faith. Moreover, as we have suggested, appellant's counsel failed to make *any* inquiry whatsoever in the nine months following entry of the appeal. Under these circumstances, the district court did not abuse its discretion in dismissing Ainsworth's appeal.

Accordingly, the district court's judgment of dismissal is

AFFIRMED.