*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 10b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: WILLIAM W. INGRAM, | ) |
| Debtor. | ) ) ) |
| ———————————————— | ) ) |
| WILLIAM W. INGRAM, | ) ) |
| Appellant, | ) ) |
| v. | ) No. 09-8027 |
| JP MORGAN CHASE BANK, | ) ) ) |
| Appellee. | ) ) ) |
| ———————————————— | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 07-19493

Submitted: December 18, 2009

Decided and Filed: January 28, 2010

Before: BOSWELL, FULTON, and McIVOR, Bankruptcy Appellate Panel Judges.

————————————

**COUNSEL**

**ON BRIEF:** Pamela S. Petas, MANLEY DEAS KOCHALSKI LLC, Cincinnati, Ohio, for Appellee. William W. Ingram, Cleveland, Ohio, pro se.

---

## OPINION

---

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. William W. Ingram ("Appellant"), pro se, appeals an order of the bankruptcy court that denied his Motion to Avoid Judicial Lien, and a subsequent order denying reconsideration of that order.

## I. ISSUES ON APPEAL

Did the bankruptcy court err in denying the Appellant's Motion to Avoid Judicial Lien?

Did the bankruptcy court err in denying the Appellant's motion for reconsideration?

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's order denying the Appellant's Motion to Avoid Judicial Lien is a final order. *Ginter v. Alliant Bank, Boonville (In re Ginter)*, 349 B.R. 193 (B.A.P. 8th Cir. 2006). The order denying the Appellant's motion for reconsideration is also a final order. *Hamerly v. Fifth Third Mortgage Co. (In re J&M Salupo Dev. Co.)*, 388 B.R. 796 (B.A.P. 6th Cir. 2008).

The bankruptcy court's final order determining that the lien on the Appellant's home is not voidable is a conclusion of law which is reviewed de novo. "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted).

The denial of a motion for reconsideration is reviewed for abuse of discretion. *In re J&M Salupo Dev. Co.*, 388 B.R. at 800. "'Under this standard [of review], the district court's decision and decision-making process need only be reasonable.'" *Id*. (quoting *Pequeno v. Schmidt (In re*

*Pequeno)*, 240 F. App'x 634, 636 (5th Cir. 2007)). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Volvo Commercial Fin. LLC the Ams. v. Gasel Transp. Lines, Inc. (In re Gasel Transp. Lines, Inc.)*, 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citing *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000)). A court also abuses its discretion "if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996)).

## III.  FACTS

On May 6, 2004, the Appellant obtained a loan from Oak Street Mortgage, LLC in the amount of $79,000. The loan was secured by a mortgage on the Appellant's real property located at 915 London Road, Cleveland, Ohio. The mortgage was duly filed and perfected in the Cuyahoga County Recorder's office on May 7, 2004. The lien created by the mortgage was the first lien on the Appellant's property. The mortgage was ultimately transferred to JP Morgan Chase Bank ("Chase").

On January 3, 2006, Chase initiated foreclosure proceedings on the Appellant's property in the Court of Common Pleas, Cuyahoga County, Ohio. The Appellant filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 14, 2007. When the Appellant failed to make plan payments, Chase filed a Motion for Relief from Stay, which the bankruptcy court ultimately granted. Chase then proceeded with the foreclosure proceedings, and the Appellant's property was sold at a foreclosure sale on June 16, 2008. The sale was confirmed on August 18, 2008, and a writ of possession was issued to the sheriff on March 5, 2009 to remove the Appellant from the property.

The Appellant filed a motion to convert his case to chapter 7 on December 8, 2008, which was granted on December 23, 2008. The Appellant was granted a discharge on April 6, 2009.

On March 19, 2009, the Appellant filed a "Motion to Avoid a Judicial Lien" in which he asserted that Chase's mortgage on his property must be avoided pursuant to 11 U.S.C. § 522(f) as impairing the exemption he claimed in Schedule C of his chapter 13 petition. Chase opposed the

Appellant's motion asserting that 11 U.S.C. § 522(f) applies only to nonconsensual liens, and that as a consensual lien, the mortgage could not be avoided. Chase further opposed the Appellant's motion on the grounds that the foreclosure sale of his property had been confirmed. The bankruptcy court held a hearing on the Appellant's motion on March 31, 2009, at the conclusion of which it issued an order denying the motion because "[a] mortgage is not a judicial lien, and therefore cannot be avoided under 11 U.S.C. § 522(f)." (Appellee's App. at 30.)

On April 7, 2009, the Appellant filed a motion for reconsideration. On April 14, 2009, the bankruptcy court held a hearing on the motion, and issued an order stating that "[f]or the reasons stated in open Court on April 14, 2009, the debtor's motion for the Court to reconsider the March 31, 2009, Order is denied." (Appellee's App. at 38.)[1]

The Appellant's timely appeal followed.

## IV.    DISCUSSION

1.  A Consensual Lien Cannot Be Avoided Pursuant to 11 U.S.C. § 522(f)

11 U.S.C. § 522(f) provides in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is --
>
> (A) a judicial lien . . . .

The Bankruptcy Code defines a "judicial lien" as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The Bankruptcy Code does not define "mortgage." Black's Law Dictionary, however, defines a "mortgage" as "[a] lien against property that is granted to secure an obligation (such as a debt) and that is extinguished upon payment or performance according to stipulated terms." BLACK'S LAW

---

[1] The transcript of the April 14, 2009 hearing was not included in the record before this Panel.

DICTIONARY (8th ed. 2004). As the bankruptcy court explained to the Appellant at the hearing on his motion, a mortgage is not converted into a judicial lien by virtue of a foreclosure. The lien that Chase held on the Appellant's property was a mortgage, not a judicial lien. Therefore, the bankruptcy court did not err in holding that the lien cannot be avoided under 11 U.S.C. § 522(f).

The Appellant next argues that Chase lacked standing to assert its lien because it had not established that it "was the judgment lien holder of a security interest" and is not a "real party of interest." (Appellant's Br. at 8.) However, as a secured party, Chase has standing to seek judicial relief and assert its rights before the bankruptcy court. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752 (1982) (the question of standing revolves around the right to judicial relief); *see also LPP Mortgage, Ltd. v. Brinley*, 547 F.3d 643 (6th Cir. 2008) (secured creditor has Article III standing by virtue of economic interests). Additionally, the record of this case, including the state court foreclosure record and the transfer records attached to Chase's motion for relief from stay, clearly show that Chase held a first mortgage on the Appellant's property. Moreover, any challenge the Appellant may believe he has to Chase's assertion that it holds a mortgage on his property should have been made in the state court foreclosure proceedings.

## 2. The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Motion for Reconsideration

The Appellant's Notice of Appeal identified the bankruptcy court's order denying his motion for reconsideration as an order from which he was appealing. However, he failed to address the order in his brief before this Panel. Ordinarily, a party's failure to make some effort to develop an argument would result in the issue being waived. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), 494 U.S. 1082, 110 S. Ct. 1814 (1990)). However, because the Appellant is proceeding pro se, the Panel will afford him some leniency and address the issue. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (pro se litigants treated to less stringent standards). In order to properly address the issue, the Panel looks to the arguments the Appellant presented before the bankruptcy court in his motion for reconsideration. There, he asserted that pursuant to Federal Rule of Civil Procedure 59, made applicable to bankruptcy

proceedings by Bankruptcy Rule 9023, the order should be reconsidered because he was not timely served with Chase's response to his motion to avoid the lien.

Granting a Rule 59(e) motion, which is in the discretion of the court, is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J&M Salupo Dev. Co.*, 388 B.R. at 805. Such a motion "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Because the Appellant did not assert that there was an error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice, the bankruptcy court did not abuse its discretion in denying the motion for reconsideration.

## V.    CONCLUSION

For the foregoing reasons, both the order denying the Appellant's Motion to Avoid Judicial Lien, and the order denying the motion for reconsideration are AFFIRMED.[2]

---

[2]On January 13, 2010, Appellant filed an amended motion for reconsideration of the Panel's order denying his motion for sanctions and request to strike Appellee's brief. Given the Panel's opinion on the merits of this appeal, the amended motion for reconsideration is denied as moot.